IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2022

**RANDALL WARD v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County
No. C-20-269     Donald H. Allen, Judge**

**No. W2021-01224-CCA-R3-PC**

The petitioner, Randall Ward, appeals the denial of his petition for post-conviction relief, which petition challenged his 2018 Madison County Circuit Court jury convictions of possession with the intent to sell and deliver cocaine and possession of drug paraphernalia, alleging that he was deprived of the effective assistance of counsel. Discerning no error, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JOHN W. CAMPBELL, SR., JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Randall Ward.

Herbert H. Slatery III, Attorney General and Reporter; Lindsay Haynes Sisco, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Madison County jury convicted the petitioner of possession of cocaine with the intent to sell and deliver and possession of illegal drug paraphernalia. *State v. Randall Ray Ward*, No. W2018-01957-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Jackson, Oct. 25, 2019). This court summarized the evidence on direct appeal:

> [T]he [petitioner] was found inside a residence where .32 grams of crack cocaine was present. A crack pipe was also found inside the residence. The [petitioner] was found in a bathroom with a digital scale commonly used for weighing drugs. The [petitioner] later admitted to selling crack cocaine

as a means of making money and to keeping a third of an ounce of cocaine with him at all times.

*Id.*, slip op. at 6. After a sentencing hearing and merger of the cocaine possession offenses, the trial court sentenced the petitioner to an effective sentence of 10 years, 11 months, and 29 days. *Id.*, slip op. at 1. This court affirmed the petitioner's convictions and sentence on appeal. *Id.*

The petitioner filed a timely pro se petition for post-conviction relief, and after the appointment of counsel, he filed two amended petitions.[1]

At the September 2021 evidentiary hearing, the petitioner testified that trial counsel should have moved to suppress the evidence obtained pursuant to a search warrant because he did not believe it to be a valid warrant. He said that the warrant relied on a confidential informant to establish probable cause but that "I don't even know who that is. I never faced my accuser. I never heard who it was." He asserted that had counsel challenged the validity of the search warrant, the evidence would have been suppressed.

The petitioner said that trial counsel failed to adequately communicate with him. He said that counsel failed to properly cross-examine the State's witnesses; specifically, he wanted counsel to cross-examine the confidential informant "that was supposed to have been in the house with me." The petitioner also said that trial counsel should have sought to have the petitioner's co-defendant, Stephanie Martinez, declared an unavailable witness and should have offered Ms. Martinez's prior testimony into evidence. He explained that Ms. Martinez pleaded guilty to possession of the "cocaine and the paraphernalia," which information "could have exonerated me."

The petitioner testified that trial counsel did not move to suppress his statement to law enforcement, asserting that the statement should have been suppressed because it "was never recorded or never adopted and I really never said that. I don't know where that statement came from."

During cross-examination, the petitioner said that he believed if trial counsel had called his co-defendant, James Simmons to testify, Mr. Simmons would have said that the petitioner did not live at the residence and just happened to be present at the time of the search. The petitioner acknowledged that the police officers gave him *Miranda* warnings but denied that he "g[a]ve the statement that [the officer] said I gave." The petitioner acknowledged that trial counsel had provided him with all discovery materials.

---

[1]     After the filing of his first amended petition, the petitioner filed a pro se amended petition. Post-conviction counsel then filed a second amended petition, incorporating the alleged instances of deficient performance by trial counsel raised in the pro se amended petition.

Trial counsel testified that she reviewed the search warrant with the petitioner and that she explained to him that "[i]t appeared to be a valid search warrant." She said, "I did not find a basis for me to be able to file a motion to suppress," explaining that the confidential informant had "purchased the illegal substance from [the petitioner] and Mr. Simmons" during a controlled buy. She also said that because the petitioner "was just a visitor" to the residence, he lacked standing to challenge the search.

Trial counsel said that she and the petitioner discussed calling Ms. Martinez as a witness but that, "[B]ased on what she said in her plea agreement, there was no way in . . . hell I would have called her as a witness. There is no way." She explained that Ms. Martinez "was talking about how she was prostituting and he was forcing her to hold these drugs for him and they were his and she was scared of him. I mean, it was all bad." Counsel added that Ms. Martinez's attorney did not permit her to interview Ms. Martinez, precluding her ability to further evaluate what Ms. Martinez's testimony would be. She also said that Ms. Martinez "was on the go" and would "probably . . . have been unavailable" to be a witness.

Trial counsel said that "law enforcement claimed that after they Mirandized [the petitioner] that he told them that he was unemployed and that he didn't have . . . a steady source of income except for the fact that he sold drugs" and that "[h]e kept a certain amount of drugs on him on a regular basis." She said that she believed that the claim by law enforcement "was completely ridiculous[,] and I fought against it, but I was roped."

During cross-examination, trial counsel acknowledged that this was not a particularly complicated case and said, "I honestly thought that [the petitioner] had a good shot of getting off of this case simply because of where the evidence was found and . . . just the facts concerning things." She said that she attempted to negotiate a plea agreement but that the petitioner "was not willing to take anything short of a misdemeanor" with a sentence of "time served."

Trial counsel said that she moved to suppress the petitioner's alleged statement because "I thought it was real shady how the statement went down. There was no recording of it. There was no written statement." She "also brought up the issue that [the officer] took the statement on one day and then he didn't memorialize it in writing until almost a week later." Based on the circumstances, counsel "thought the statement was invalid. I mean, I felt like it was a made-up statement, but unfortunately I was ruled against [o]n that."

Trial counsel said that during her plea submission hearing, Ms. Martinez said that the drugs found on her person belonged to the defendant "and that she was forced to

hold them." Counsel said that Ms. Martinez's statement "was just all bad and it would not have been in [the petitioner's] favor for her to testify" or to offer her statement from her plea submission hearing as prior testimony. Counsel said that she explained all these matters to the petitioner.

The transcript of Ms. Martinez's plea submission hearing was exhibited to the hearing, which transcript indicates that as part of her plea agreement, Ms. Martinez agreed to testify against the petitioner. In her testimony at the hearing, Ms. Martinez said that she, Mr. Simmons, and another woman were using drugs at Mr. Simmons' apartment. She said that the petitioner was also present and that the cocaine belonged to the petitioner, explaining that the petitioner sold cocaine out of Mr. Simmons' apartment. Ms. Martinez said that when the police knocked on the door to serve the warrant, the petitioner instructed her to hide the cocaine in her crotch area. She also testified that she was not with the petitioner of her own free will and that for six months or more, the petitioner "would always have someone else. He would go in stores with me. I couldn't be by myself. I was always with him so I felt like I could not get away."

At the close of the evidence, the post-conviction court took the matter under advisement. In its written order denying post-conviction relief, the post-conviction court accredited the testimony of trial counsel and concluded that trial counsel did not perform deficiently.

In this timely appeal, the petitioner reasserts that he was deprived of the effective assistance of trial counsel, alleging that counsel failed to seek suppression of certain evidence, failed to offer the prior testimony of an unavailable witness, and failed to seek suppression of his statement to law enforcement. The State argues that the post-conviction court properly denied relief. We agree with the State.

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

Before a petitioner will be granted post-conviction relief based upon a claim of ineffective assistance of counsel, the record must affirmatively establish, via facts clearly and convincingly established by the petitioner, that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and that counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When considering a claim of ineffective assistance of counsel, a reviewing court "begins with the strong presumption that counsel provided adequate assistance and used reasonable professional judgment to make all significant decisions," *Kendrick v. State*, 454 S.W.3d 450, 458 (Tenn. 2015) (citation omitted), and "[t]he petitioner bears the burden of overcoming this presumption," *id.* (citations omitted). We will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The petitioner has failed to carry his burden to prove by clear and convincing evidence sufficient facts to support his claim that trial counsel's representation was deficient. In his argument, he relies solely on his own testimony at the evidentiary hearing to establish the grounds for relief; however, the post-conviction court explicitly accredited trial counsel's testimony over that of the petitioner, and we are bound by the post-conviction court's weighing of credibility. Moreover, the alleged instances of deficient performance the petitioner raises are issues that are within trial counsel's professional discretion. Trial counsel's accredited testimony established that she did not believe there to be legal grounds on which she could challenge the search warrant, particularly in light of the fact that the petitioner had no property interest in the residence. The petitioner has failed to put forth any grounds on which the search warrant could have been successfully challenged. *See Tommie Phillips v. State*, __ S.W.3d __, No. W2019-01927-SC-R11-PC, slip op. at 14 (Tenn., Jackson, June 10, 2022) ("[T]o establish a successful claim of ineffective assistance of counsel based on counsel's failure to file a motion to suppress

-5-

evidence on Fourth Amendment grounds, the [p]etitioner must prove . . . 'a suppression motion would have been meritorious . . . .'" (quoting *Khalil-Alsalaami v. State*, 486 P.3d 1216, 1239 (Kan. 2021)).  Additionally, counsel's testimony established that she believed Ms. Martinez's testimony would be detrimental to the petitioner's defense, and the transcript of Ms. Martinez's plea submission hearing supports counsel's decision.  Finally, the record establishes that trial counsel did indeed move to suppress the petitioner's statement but that the trial court denied the motion.  Consequently, the petitioner is not entitled to relief.

      Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE